**UNITED STATES of America, Appellee,**

v.

**Lawrence Francis MAGUIRE, Defendant, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Michael Joseph CONNOLLY, Defendant, Appellant.**

**Nos. 79–1048, 79–1049.**

United States Court of Appeals, First Circuit.

Argued May 9, 1979.

Decided June 26, 1979.

---

William J. Carr, Boston, Mass., by appointment of the Court, for defendant, appellant Lawrence Francis Maguire.

Peter Behouth, by appointment of the Court, Boston, Mass., for defendant, appellant Michael Joseph Connolly.

Robert B. Collins, First Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, WYZANSKI, Senior District Judge.*

PER CURIAM.

This is an appeal from the conviction of both appellants for armed bank robbery. 18 U.S.C. § 2113(d). We affirm.

Both appellants challenge the government's principal reliance upon the testimony of an accomplice, one Griffin. Griffin testified that he vaulted the teller's cage and collected money while appellant Maguire held bank employees at bay with a gun. According to Griffin, appellant Connolly arranged the heist and drove the getaway car. Griffin's testimony as to Maguire was corroborated by a fairly clear photograph from a bank camera depicting Maguire in the process of robbing the bank. Griffin's testimony as to the general conduct of the robbery was corroborated by witnesses both inside and outside the bank. Even *uncorroborated* accomplice testimony that is not "incredible or otherwise insubstantial on its face" is sufficient to sustain a conviction. *United States v. House*, 471 F.2d 886, 888 (1st Cir. 1973); *United States*

---

* Of the District of Massachusetts, sitting by designation.

*v. Wright,* 573 F.2d 681, 685 (1st Cir. 1978). There was sufficient evidence to sustain both convictions.

Appellant Connolly raises a new issue at the eleventh hour as his principal contention on appeal: ineffective assistance of counsel. This argument is based solely upon an affidavit of Connolly's new counsel representing him on appeal, included in the brief on appeal. Understandably, the government moves to strike this affidavit as not properly part of the record on appeal. The parties have joined the procedural issue with salvos of additional memoranda.[1]

■ We need not resolve the questions of appellate procedure involved. Even if we were to consider the affidavit of appellate counsel as part of the record on appeal, we would not find ineffective assistance at the trial level. The affidavit contains no more than a hearsay account of appellate counsel's telephone conversation with trial counsel in which the latter stated that Connolly has an ineffective assistance "claim" because trial counsel did not meet his client to discuss the merits of the case until just before trial. This is obviously incompetent hearsay. More important, its vagueness is a telling admission. Trial counsel is not reported to have admitted ineffective assistance, only to have recognized the possibility of a claim to that effect, making a change of counsel a good tactical move. We are not impressed.

■ Nowhere in appellate argument or in the briefs is there disclosed any suggestion or even speculation concerning the nature or extent of trial counsel's unpreparedness. The most liberal standard on this issue suggests that "[c]ounsel should confer with his client without delay and *as often as necessary* to elicit matters of defense, or to ascertain that potential defenses are unavailable. Counsel should discuss fully potential strategies and tactical choices with

his client." *United States v. DeCoster,* 159 U.S.App.D.C. 326, 487 F.2d 1197, 1203 (D.C. Cir. 1973) (Bazelon, C. J.) (emphasis added). We think that the Sixth Amendment spirit, if not the exact letter, of these rules was complied with here. Assuming the hearsay affidavit to be true, trial counsel met with the defendant soon after he was appointed and advised him not to plead guilty. The record reveals that counsel delayed the opening of trial to confer with his client. The record also reveals that in the meantime counsel had familiarized himself with witness statements, prior photo identifications (some of which undercut the prosecution's case), and numerous grounds for impeaching the prosecution's star witness. Counsel had ample opportunity to determine if any affirmative grounds for defense existed, and there is no suggestion on appeal that trial counsel learned of any reason to delay trial pending further investigation or neglected to move for a continuance in the face of such information.

In short, this was a case in which the only defense available was to attempt to lessen the impact of the prosecution's evidence. Trial counsel appears to have effectively prepared himself for that task. Although we do not consider the limited client contact involved here to be good practice as a general matter, we cannot say that counsel did not meet with his client "as often as necessary" to provide reasonably competent assistance of counsel considering the nature of the case. *See United States v. Bosch,* 584 F.2d 1113 (1st Cir. 1978). The obvious competence of trial counsel in court and the total lack of any record evidence that counsel lacked significant information distinguishes this case from *United States v. DeCoster, supra.* Nor does it appear that appellant has laid the procedural foundation for a *DeCoster* remand, assuming that such a procedure may be employed in this circuit. *See United States v. Swallow,* 511 F.2d 514,

---

1. The procedural difficulties confronting appellant in preparing an adequate record to demonstrate omissions amounting to ineffective assistance suggest that direct appeal may not be the best vehicle for raising problems that do not appear in the trial record. We note that 28 U.S.C. § 2255 provides a forum for an evidentiary hearing, if one is warranted, to create a record on the issue raised here, ineffective representation resulting from lack of communication between attorney and client.

524 (10th Cir. 1975). Accordingly, we see no need to remand to supplement the record.[2]

*Affirmed.*

2. Appellant Maguire's list of one-line constitutional arguments does not merit substantive comment.