**UNITED STATES of America, Plaintiff,**

v.

**Andres Carlos Ortiz OLIVERA,
Defendant.**

**Civ. No. 81–1900.**

United States District Court,
D. Puerto Rico.

March 17, 1982.

Raymond A. Acosta, U. S. Atty., Hato Rey, P. R., for plaintiff.

Wallace W. Sherwood, Boston, Mass., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an *habeas corpus* proceeding in which we are called to rule on petitioner's contention that in criminal cases 75–157 and 75–226 tried before the late Chief Judge José V. Toledo, he was deprived of adequate assistance of counsel.

Petitioner was indicted, tried, convicted and sentenced in 1976 for aiding and abetting two armed bank robberies.[1] His convictions and sentences were appealed by his former legal representation, but the United States Court of Appeals for the First Circuit affirmed in an unpublished opinion dated March 6, 1978 in criminal cases 76–1458 and 76–1465.

Thereafter, defendant acting *pro se* requested rehearing but the Court of Appeals denied the same. See Order entered on April 14, 1978 in cases 76–1458 and 76–1465, *U. S. v. Andrés Carlos Ortiz Oliveras.* Gerardo Ortiz del Rivero, Esq., acting in behalf of defendant, filed a petition for *certiorari* to the Supreme Court of the United States but the same was denied on May 1, 1978. See No. 77-6490, *Olivera*, Petitioner *v. United States*, 435 U.S. 1010, 96 S.Ct. 1885, 56 L.Ed. 393.

---

1. 18 U.S.C. 2113(d).

Finally, the petitioner filed before this court a motion pursuant to 28 U.S.C. section 2255 to vacate the judgments and sentences imposed in the aforementioned criminal cases. This motion was referred to the magistrate for a hearing, if necessary, and a report and recommendation.

On April 28, 1981, an evidentiary hearing was held before the magistrate which was limited to receiving oral and written evidence as to defendant's allegations 1, 6, 10 and 13. Oral argument was heard as to the remaining allegations of defendant's petition.

On October 1, 1981 the magistrate issued a report and recommendation recommending that the Section 2255 petition be denied since there was no evidence to indicate that petitioner did not receive effective assistance of counsel at trial or on appeal. Thus, he concluded that petitioner's Sixth Amendment rights had not been violated.

Petitioner has filed an opposition to the report and recommendation in which he requests a full evidentiary hearing on all his allegations of ineffective assistance of counsel and a *de novo* determination.

▇ We have carefully examined the entire record of criminal cases 75–157 and 75–226 together with the transcript of the proceedings thereof. We have also examined the transcript of the *habeas corpus* proceedings before the magistrate and make the independent determination that defendant's allegation of ineffective legal representation is not well taken, is fanciful and affirmatively contradicted by the record.

There is no showing that petitioner's former legal representation failed to conduct the defense of the accused with the utmost diligence and resoluteness. We find from the records of the criminal cases that petitioner had competent and effective representation at all stages of the proceedings. The trial record clearly demonstrates that defense counsel provided more than adequate representation to petitioner in the face of overwhelming government evidence.

It should be noted that petitioner was represented during the trial of both criminal cases by Mr. Gerardo Ortiz del Rivero, one of the most brilliant and successful attorneys in Puerto Rico who has been handling criminal cases before this court, the local state courts, the United States Court of Appeals for the First Circuit, and in the Supreme Court of the United States for almost thirty years.

Notwithstanding the above, we will now examine rather briefly, each allegation of petitioner's new legal representation to the effect that his client was not afforded adequate legal representation during his trials.

The standard to be applied in determining whether the various factual allegations, if proven to be true, would be sufficient to make out a Sixth Amendment claim is the following:

"We interpret the (Sixth Amendment) right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), cited with approval in *Friedman v. U. S.*, 588 F.2d 1010 (5th Cir. 1979).

As to petitioner's allegation that defense counsel failed to file a motion to recuse, we find the same to be untenable. In a motion for rehearing, petitioner raised a similar allegation before the Court of Appeals for the First Circuit which disposed of this issue by stating:

"that judges are frequently required to disregard potentially prejudicial factors in the conduct of trials, see *United States v. Sawaya*, 486 F.2d 890, 892 (1st Cir. 1973). Here there is no indication that the trial judge approached the proceedings with any predisposition against appellant, see *O'Shea v. United States*, 491 F.2d 774, 779 (1st Cir. 1974). Nor is there cause for concern that vindictiveness entered the judge's deliberations, *id.* On the contrary, the record reveals scrupulous care for appellant's rights and an

impartial assessment of the facts. That the trial judge chose to credit Barreras Cruz' testimony over appellant's denials of guilt is not an appealable issue." *U. S. v. Carlos Ortiz Oliveras, supra,* Order of April 14, 1978, at p.2.

The isolated fact that the late Chief Judge José V. Toledo was the same judge who presided over both criminal cases is inconsequential. A trial judge who participates in criminal proceedings, or has some knowledge of prior proceedings concerning the defendant, cannot be presumed to be personally biased by virtue of his knowledge alone. *United States v. Cepeda Penes,* 577 F.2d 754 at 758 (1st Cir. 1978).

Our Court of Appeals found that Judge Toledo was impartial and exercised scrupulous care for defendant's rights and made an impartial assessment of the facts. Thus, a motion to recuse was not warranted and therefore, we find that counsel's failure to file such a motion does not constitute a denial of an effective assistance of counsel.

Petitioner also raises the issue that trial counsel erred because he based his strategy upon an attempt to exclude the testimony of codefendant Tobias Rafael Barreras Cruz, who was charged as a principal in the Banco de San Juan robbery and was the chief witness against petitioner at both trials.

To this effect, our Circuit has ruled that trial tactics are generally not reviewable under a claim of ineffective assistance of counsel. See *Moran v. Hogan,* 494 F.2d 1220, 1223 (1st Cir. 1974). Even when hindsight might reveal a mistake in a counsel's judgment, this does not constitute ineffective assistance of counsel. *United States v. Bosch,* 584 F.2d 1113 (1st Cir. 1978); *Reynolds v. Mabry,* 574 F.2d 978 (8th Cir. 1978).

This is the classical allegation of a defendant who is unhappy and dissatisfied with the trial's outcome and seeks through new legal representation to place the blame of his present predicament upon his trial counsel. Of course, it is easy for an attorney after the heat of a trial has died down to coolly examine the record of a trial to pick possible mistakes of the prior legal representation or suggest alternate legal strategies. But second guessing and Monday-morning quarterbacking cannot be allowed to prevail in the face of adequate legal representation during court proceedings.

Even though the Court of Appeals rejected defense counsel's argument, the exclusion of the testimony of Tobias Rafael Barreras Cruz was crucial. It stated that:

"... it suffices to say that Barreras Cruz' testimony against appellant strongly supported both findings of (defendant's) guilt..." *U. S. v. Carlos Ortiz Oliveras,* unpublished opinion, cases no. 76–1458 and 76–1465 at p. 5 (1st Cir. March 6, 1978).

Since no prejudice emanated from counsel's attempt to exclude a testimony which was highly damaging to his client, then no inference of ineffective assistance of counsel can be drawn therefrom.

Petitioner also raises the issue of trial counsel's failure to request the transcript of the first trial, even though it was known that Barreras Cruz would be the chief government witness against defendant. As to this matter, after thoroughly reviewing the record of criminal cases 75–226 and 75–157, we agree with the magistrate's conclusion that the events and circumstances leading to the indictments in each case were substantially independent. We further agree that Barreras Cruz' testimony during the first trial would have been irrelevant at the second trial. Thus, we find this matter to be totally lacking in merit and see no need to address it any further.

Petitioner's argument that he was denied effective assistance of counsel because trial counsel was suffering from high blood pressure is untenable and frivolous. This allegation is conjured from trial counsel's mere statement that he might have an appointment with a doctor because his blood pressure had gone up in the last several days. (See record of criminal case 75--226, April 7, 1976 at pages 35 and 36).

In support of his argument petitioner cites several cases which are inapposite.

They involve situations in which an attorney conducting the defense was intoxicated, mentally distraught or sleeping through the trial. This was not what happened in the cases at bar.

Petitioner next contends that trial counsel failed to file a motion to strike the testimony of two government witnesses, Mrs. Carmen Ibáñez and Mrs. Hilda Cubertier. He alleges that a motion to strike the testimony of these two witnesses would probably have been allowed. The petitioner is speculating and second guessing as to what his trial counsel should have done and what the court would have ruled.

The testimony of these two government witnesses, both bank tellers, consisted of the identification of certain bills which were seized from the petitioner at the time of his arrest and were being offered into evidence as fruits of the crime. They identified several bills as bearing their markings and provided samples of their handwriting as means of comparison.

On the other hand, the branch accountant testified that only the branch manager and himself had had access to the reserve vault. Based on this testimony, petitioner argues that since there had been no indication that the moneys placed in the reserve vault were ever made accessible to the tellers, a motion to strike the testimony of these two government witnesses would have probably been allowed.

Even assuming that some discrepancy might have existed, we find that this would be a matter of credibility for the trier of fact to assess, and does not lend itself as ground for an inadequate defense argument.

We also note that the First Circuit reassessed the credibility of these two witnesses on the issue concerning the return of the currency taken from appellant at the time of his arrest. To this effect, the court stated:

> "Some of the bills are new and in numerical sequence, as the currency stolen from the Banco de San Juan had been, *id.* One bank teller identified inked numbers on three of the bills in the series as having been written by her and gave

samples of her writing for comparison. A second teller positively identified a number on another bill as being hers and testified that she had possibly written a number on an additional bill. There was thus a reasonable basis for concluding that the currency was the fruit of the crime." *U. S. v. Carlos Andrés Ortiz Oliveras, supra,* unpublished op. at page 5 (1st Cir., March 6, 1978).

In an affidavit attached to his Section 2255 motion, petitioner alleges that except for appearances in court, defense counsel never met with him. Considering the seriousness of this allegation a hearing was held on April 28, 1981. Petitioner testified and called his trial counsel as a witness. The government called U.S. Deputy Marshal Daniel Calderón and U.S. Chief Deputy Marshal Felipe Rodríguez to the stand.

A stipulation was entered at the beginning of the hearing to the effect that counsel Ortiz del Rivero never visited him while he was being held in custody in Puerto Rico.

In spite of the above and after having carefully examined the transcript of the hearing, we find that the fallacy of petitioner's allegation is patent. The record reveals that counsel did meet with petitioner on various occasions. In fact, petitioner himself admits that he had two meetings with counsel Ortiz del Rivero. (Tr. 156–157) Furthermore, the testimony given by counsel Ortiz del Rivero, Deputy Marshal Calderón and Chief Deputy Marshal Rodríguez lends further support to our finding that counsel met with petitioner on various occasions at the Marshal's office.

Even if we assume that trial counsel had met with petitioner for only one hour, this would fail to call into question the competency and the effectiveness of the counsel's representation. A presumption of ineffective assistance of counsel cannot be based on shortness of preparation time. *Rastrom v. Robbins,* 440 F.2d 1251 (1st Cir. 1971).

Certainly, the amount of time for adequate preparation will depend upon counsel's experience and the complexity of the case. Hence, "while an experienced advocate would seldom wish to ready even a simple case for trial in a few hours, he

might nevertheless—as many do—perform most competently." *Rastrom, supra*, at 1253–1254. Mr. Ortiz del Rivero performed most competently throughout the trial of both criminal cases and on appeal.

Nowhere in the record of the criminal cases in question or in the record of the present *habeas corpus* proceeding have we found any evidence concerning trial counsel's unpreparedness. We note that "(t)he most liberal standard on this issue suggests that '(c)ounsel should confer with his client without delay and as often as necessary to elicit matters of defense, or to ascertain that potential defenses are unavailable. Counsel should discuss fully potential strategies and tactical choices with his client.'" *United States v. Maguire*, 600 F.2d 330 (1st Cir. 1979).

The record indicates that counsel Ortiz del Rivero met with defendant immediately upon his appearance as counsel in both cases and discussed with him the facts and circumstances surrounding the charges brought against him. The record also shows the trial counsel filed various motions, was present during all the court appearances and actively participated by raising objections and conducting a searching cross examination.

Since there were no witnesses to testify on petitioner's behalf, the only defense available seems to have been an attempt to lessen the impact of the testimony of Tobías Barreras Cruz. From his cross-examination of said witness, it is apparent that trial counsel was effectively prepared for that task.

The obvious competence of trial counsel during the court proceedings and the total lack of any evidence that he lacked significant information, leads us to reject petitioner's present argument.

It is also argued that the defense counsel failed to use his passport to impeach Barreras Ortiz, the government's chief witness. He contends that this passport would have provided "impeccable evidence which would have impeached the Government's chief witness, Barreras Cruz, if properly used." That is, that petitioner was in Europe and that he had not been in the United States

prior to his arrest in New York. This is not so.

Barreras Cruz testified that defendant had gone to Arizona in the late summer or early fall of 1975. See Findings of Fact and Conclusions of Law 9, 10, 13 and 14 in Criminal Case 76–157.

It is next alleged that despite petitioner's repeated assertions of innocence, trial counsel attempted to convince him to plead guilty in both cases, and to assign power of attorney over to the FBI, which was trying to recover the stolen money. This argument is completely frivolous and patently absurd in view of the fact that petitioner did not plead guilty and therefore was not in any way prejudiced by said attempt. Cf. *United States v. Morrison*, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

Furthermore, considering the overwhelming evidence against petitioner in both cases, we are of the opinion that the advice given by his trial counsel was eminently sound.

Petitioner's final contention is that defense counsel failed to raise on appeal that the government never presented at trial the victim of the kidnapping in the robbery subject of the indictment in criminal case 75–226. However, the record of the case reveals the witness Francisco Morales Rodríguez was subpoenaed by the prosecution, but he failed to appear. Counsel Ortiz del Rivero requested and obtained a warrant for arrest of that witness. See trial transcript in Cr. 75–226; May 27, 1976 at pages 56–58. Defense counsel did present on appeal, among other issues, the matter of insufficiency of evidence to sustain both convictions. This issue was disposed of by the First Circuit court in the following manner:

"As for the claimed insufficiency of evidence, the testimony of Barreras Cruz provided a basis for finding appellant guilty of both robberies beyond a reasonable doubt... In view of the corroboration of significant aspects of Barreras Cruz' testimony by eyewitnesses to both crimes, and independent evidence of guilt, such as the deposits of substantial sums of money into appellant's bank

account shortly after the crimes, his flight from the jurisdiction, and his false alibis to the arresting officers, it is clear that the insufficiency argument lacks merit." *U. S. v. Carlos Ortiz Oliveras, supra,* unpublished op. at p. 6, (1st Cir. March 6, 1978).

Thus, petitioner's final allegation fails to provide any fertile ground in support of his Sixth Amendment deprivation claim.

We note that in his opposition to the magistrate's report and recommendation, petitioner objects the limited scope of the evidentiary hearing, and argues that section 2255 requires a hearing on the totality of the petitioner's motion when the records and files do not show the petitioner is entitled to no relief.

However, where the issues raised by the motion can be conclusively determined either by the briefs filed by the parties or by the files and records in the trial court, no hearing is necessary on such issues. A hearing is required only when the factual allegations contained in the petitioner's motion and affidavit are contradicted by the affidavit filed with the government's response and relate primarily to purported occurrences outside the courtroom upon which the record can shed no real light. Cf. *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

Thus, even though a Section 2255 motion may contain factual allegations, a district court will not always be required to hold full scale hearings. As indicated by the Court in *Machibroda* :

> "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense." *Id.* at p. 495, 82 S.Ct. at p. 514.

In the present case, we find that the magistrate correctly limited the scope of the hearing to allegations 1, 6, 10 and 13. The parties were, however, allowed to present oral argument at the hearing as to the remaining allegations.

Moreover, by motion filed on April 13, 1981, petitioner objected to the Magistrate's Order of February 24, 1981, in which the scope of the Section 2255 hearing was limited to the aforementioned allegations. Even though this motion was denied by the Magistrate's Order of April 20, 1981, petitioner never filed an appeal before the undersigned from said Order.

WHEREFORE, in view of the foregoing, we find that petitioner did receive effective assistance of counsel at all stages of the criminal proceedings and consequently there has been no violation of petitioner's Sixth Amendment rights.

IT IS HEREBY ORDERED that the petition to vacate the judgment and sentences in criminal cases 75–157 and 75–226 be and is hereby DENIED. The petition for a full evidentiary hearing on all his allegations is also hereby DENIED.

The Clerk shall enter judgment accordingly.