**Robert C. McCARTHY,
Petitioner, Appellant,**

v.

**UNITED STATES of America,
Respondent, Appellee.**

No. 84–2011.

United States Court of Appeals,
First Circuit.

Submitted May 10, 1985.

Decided June 10, 1985.

Robert C. McCarthy, pro se.

C. Brian McDonald, Asst. U.S. Atty., and William F. Weld, U.S. Atty., Boston, Mass., for respondent, appellee.

Before CAMPBELL, Chief Judge, and BOWNES and BREYER, Circuit Judges.

PER CURIAM.

The petitioner, Robert McCarthy, appeals the denial of his motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed upon him on April 17, 1984. On that date, the petitioner was sentenced in federal district court to two years imprisonment for violating the terms of his probation from a conviction one year earlier (on mail-fraud and obstruction-of-justice charges), and an additional year for the offenses charged in a 22-count mail- and tax-fraud indictment. The petitioner

conceded that he had violated the terms of his probation, and he pled guilty to the mail- and tax-fraud charges. The judge ordered that the two sentences be served consecutively and, if possible, at a facility that could provide the petitioner with treatment for alcohol abuse. The petitioner filed several motions in the district court for reconsideration, modification, and correction of his sentence, all of which were denied. He then filed the present motion, narrowing his focus to the question of whether his attorney's performance at the sentencing hearing was so inadequate as to deny him effective assistance of counsel. U.S. Constitution, Amendment VI. The district court found that the performance of the petitioner's court-appointed attorney, Mr. Mulcahy, was "within the range of competence of attorneys in criminal cases," slip op. at 2 (quoting *United States v. Campa,* 679 F.2d 1006, 1014 (1st Cir.1982)); *see also United States v. Cronic,* —— U.S. ——, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657 (1984), and denied the motion; we affirm.

■ Our review of the district court's 'competent representation' finding is limited to the question of whether that finding is "clearly erroneous." *United States v. DiCarlo,* 575 F.2d 952, 954–55 (1st Cir.), *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). We have reviewed with care the transcript of the sentencing hearing and the papers submitted by the parties, and we are unable to find such error in the district court's findings. The petitioner makes a variety of arguments, most of which are frivolous. The remainder we reject for the following reasons:

■ 1. The petitioner claims that Mr. Mulcahy "apologized" to the district court judge for representing the petitioner. The transcript of the sentencing hearing reveals the following remarks—Mr. Mulcahy's introductory statement—as the only possible basis for this claim:

> ... May it please the Court, it is difficult for me to come before the Court again to plead on behalf of Mr. McCarthy.
>
> And I say it is difficult because I think the Court showed tremendous compas-

sion the last time we were here when you imposed the three-year probation period on Mr. McCarthy.... I think that the second offense just corroborates my initial plea that this man is a victim of alcohol, your Honor.

Given the fact that Mr. Mulcahy had only one year earlier succeeded in winning a suspended sentence and probation for his client, the "difficulty" that he confessed in the statement above is understandable. Indeed, the district judge later told the petitioner that he "violated the trust that this Court imposed [sic] in you" when the court suspended his earlier sentence and ordered him committed to a halfway house for treatment. The transcript shows that the court found particularly objectionable the fact that the petitioner had used this halfway house as a base of operations for the tax- and mail-fraud scheme for which he was then being sentenced. Under these circumstances, Mr. Mulcahy's remarks strike us as a candid acknowledgement that he held the laboring oar at the sentencing hearing. We find no constitutional violation in these remarks. *See United States v. Ortiz Oliveras,* 717 F.2d 1, 4 (1st Cir. 1983); *United States v. Bosch,* 584 F.2d 1113, 1121 (1st Cir.1978).

■ 2. The petitioner claims that he would have received a less severe sentence if Mr. Mulcahy had not included in his remarks at the sentencing hearing a request for incarceration at a facility where he could receive treatment for alcoholism. The petitioner argues that Mr. Mulcahy should not have conceded, as he did, that *any* incarceration was necessary. In context, however, these remarks appear to be candid admissions of what was obvious— i.e., that the petitioner was certain to face some type of confinement. Mr. Mulcahy said to the court:

> I don't think he has any control over what he does ... I am not suggesting in any way that he is incompetent in any manner, but I think we have got to try to provide something for him.
>
> Your Honor, he needs to be deterred. He needs to be confined, there is no

question about that, and I think the question is where and for how long.

The district judge did, in fact, order the petitioner to be incarcerated in a facility where treatment was available. And, under the circumstances of this case, we do not believe that Mr. Mulcahy conceded too much by assuming that *some* type of confinement was inevitable. Thus, the challenged remarks by Mr. Mulcahy constitute an acceptable choice of tactics. *See United States v. Bosch, supra; United States v. Ortiz Oliveras, supra.*

■ 3. The petitioner objects to Mr. Mulcahy's failure to present to the district court his statement of reasons why he sought "restitution, rebellion and retaliation against the United States Government by filing false income tax returns." But, as the government's brief points out, "His reasons are ridiculous. Refusing to bring such reasons to the Court's attention was an exercise of *good* judgment by counsel" (emphasis added). In any event, the petitioner's statement of "reasons" for his offenses *was* brought to the district court's attention, since it was attached to the probation officer's report. Finally, we note that, during the sentencing hearing, the district court judge asked the petitioner (who is himself an attorney, now disbarred) if he would like to add anything to the statement made by Mr. Mulcahy, and the petitioner declined.

■ 4. The petitioner claims that Mr. Mulcahy spent an inadequate amount of time consulting with the petitioner in preparation for the sentencing. In his brief the petitioner states that Mr. Mulcahy "had only spent about ten minutes with defendant in conference before sentencing." And he cites *United States v. Maguire*, 600 F.2d 330 (1st Cir.), *cert. denied*, 444 U.S. 876, 100 S.Ct. 159, 62 L.Ed.2d 104 (1979), for the proposition that, in order to satisfy the constitutional requirement of effective assistance of counsel, an attorney must meet with the client " '*as often as necessary* to elicit matters of defense, or to ascertain that potential defenses are unavailable.' " 600 F.2d at 332 (emphasis in

original) (quoting *United States v. DeCoster*, 487 F.2d 1197, 1203 (D.C.Cir.1973)). But here, as in *Maguire*, there is no basis for concluding that the attorney failed to represent his client effectively in the proceedings at hand. Even if it is true that Mr. Mulcahy conferred with the petitioner for only ten minutes before this sentencing, the record nowhere indicates that Mr. Mulcahy failed to confer adequately with the petitioner during other related phases of the proceedings (such as the decision to enter a guilty plea). Nor does the record show that other aspects of Mr. Mulcahy's preparation for the sentencing hearing (such as review of petitioner's file or examination of relevant legal authorities) was inadequate. The petitioner's brief fails to point out any relevant fact or precedent that would, if marshalled, have strengthened his case. *See Maguire, supra,* 600 F.2d at 332 ("Although we do not consider the limited client contact involved here to be good practice as a general matter, we cannot say that counsel did not meet with his client 'as often as necessary' to provide reasonably competent assistance of counsel considering the nature of the case.") (citations omitted).

■ 5. The petitioner claims that the district judge erred in not permitting a hearing on his § 2255 motion. But, given the judge's familiarity with the case—he was the presiding judge in both of the cases for which the petitioner was here sentenced—no hearing was required. 28 U.S.C. § 2255 (hearing required "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Butt*, 731 F.2d 75, 77 (1st Cir.1984) ("A § 2255 motion which is facially inadequate may be summarily denied.... Facially adequate § 2255 claims may be summarily denied when the record conclusively contradicts them.") (citations omitted); *United States v. DiCarlo*, 575 F.2d at 954 ("[I]f the [§ 2255] claim is based upon facts with which the trial court, through review of the record or observation at trial, is familiar,

the court may make findings without an additional hearing ...").

For the foregoing reasons, the district court's denial of the petitioner's § 2255 motion is

*Affirmed.*