**Hector del VALLE–MULERO,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 91–1300 (JAF).
Crim. No. 87–685.**

United States District Court,
D. Puerto Rico.

Dec. 31, 1991.

Hector del Valle–Mulero, pro se.

Guillermo Gil, Trial Atty., U.S. Dept. of Justice, San Juan, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

On June 7, 1988, petitioner Hector del Valle–Mulero pled guilty to one count of a multi-count superseding indictment charging conspiracy to possess with intent to distribute amounts of cocaine and heroin in excess of one kilogram, in violation of 21 U.S.C. § 841(a)(1) and § 846. (Criminal Docket Document Nos. 809, 828E). On September 14, 1988, petitioner was sentenced to a five-year term of imprisonment followed by a four-year term of supervised release and a special monetary assessment of $50, pursuant to 18 U.S.C. § 3013. (Criminal Docket Document Nos. 976, 977). On December 30, 1988, the court appointed new counsel for the purpose of filing post-judgment motions. (Criminal Docket Document No. 1066A). On January 12, 1989, petitioner filed a motion seeking a reduction of sentence pursuant to Fed.R.Crim.P. 35 which was denied by the court on January 25, 1989. (Criminal Docket Document Nos. 1081, 1099). Petitioner has now filed a motion under 28 U.S.C. § 2255 seeking to vacate the sentence on various grounds. For the reasons stated below, we deny his motion and dismiss the petition.

■ We first note that we dismiss del Valle–Mulero's section 2255 petition without an evidentiary hearing. The court must, therefore, find that, accepting petitioner's allegations as true, he is entitled to no relief; however, the court does not have to accept as true allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Michaud,* 925 F.2d 37, 39 (1st Cir.1991) (quoting *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir. 1990) (per curiam). "Even if a section 2255 motion is facially adequate, a hearing is not necessary before dismissal if the motion is 'conclusively refuted as to the alleged facts by the files and records of the case.' " *Myatt v. United States,* 875 F.2d 8, 11 (1st Cir.1989) (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)); *Perez–Calo v. United States,* 757 F.Supp. 1, 2 (D.P.R. 1991). Applying these standards, we find no need for a hearing to rule on petitioner's motion.

■ Del Valle–Mulero raises three grounds for relief in his section 2255 petition. First, he argues that the sentence imposed is not in compliance with 21 U.S.C.

§ 846, the statute to which he pled guilty. As a second ground, he argues that the disparity between his sentence and those imposed upon codefendants for similar conduct violates the equal protection component of the fifth amendment due process clause. Finally, he argues that his sixth amendment right to counsel was violated by his attorney's ineffective assistance at the change of plea and sentencing hearings. After a review of the relevant transcripts, we find no merit in petitioner's claims.

First of all, del Valle–Mulero is only partially correct when he says that he pled guilty to the conspiracy statute, 21 U.S.C. § 846. At the change of plea hearing, the court reviewed Count 2 of the superseding indictment and stated clearly that he was charged with violating *both* the conspiracy statute *and* the substantive distribution offense, 21 U.S.C. § 841(a)(1). (Criminal Docket Document No. 1146, Tr. at 9–10). The court went on to review the statutory language of 21 U.S.C. § 841(a)(1) and § 846. (*Id.*, at 11–12). The court also noted that the penalty provisions of the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, 100 Stat. 3207, 3207–2 to 3207–4 ("ADAA"), applied in petitioner's case, since the activities for which he was charged occurred in the summer of 1987, after the enactment of the statute. (*Id.* at 24). Specifically, del Valle–Mulero was told that, since the ADAA penalty provisions applied, he would be subject to a five-year minimum and forty-year maximum prison term, as well as a minimum four-year term of supervised release. (*Id.*, at 12–15). We also reviewed in detail with petitioner what was meant by a term of supervised release. (*Id.*, at 15–16). We, therefore, find that petitioner was fully informed of the nature and consequences of pleading guilty to both the substantive offense of 21 U.S.C. § 841(a)(1) and the conspiracy charge of 21 U.S.C. § 846.

Accordingly, petitioner was aware that he would be sentenced according to the post–1986 penalty provisions of 21 U.S.C. § 841(b) and *not*, as he claims, the post–1988 version of 21 U.S.C. § 846. *See Gozlon–Peretz v. United States,* —— U.S. ——,

111 S.Ct. 840, 844–47, 112 L.Ed.2d 919 (1991) (statutory history of federal drug enforcement penalty scheme traced); *United States v. Ferryman,* 897 F.2d 584, 586–588 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990) (same). As stated above, section 841(b)(1)(B) provides for a mandatory five-year minimum prison term followed by a minimum four-year term of supervised release. In *Gozlon–Peretz,* the United States Supreme Court confirmed that ADAA section 1002 became effective the date of its enactment on October 27, 1986. 111 S.Ct. at 846–48. Consequently, the court did not err when it found that the ADAA penalty provisions, including the term of supervised release, were in effect at the time del Valle–Mulero committed the offense.

Because the criminal activity occurred in 1987, petitioner was correctly sentenced under the 1986 ADAA amendment to 21 U.S.C. § 841. The five-year prison term and the four-year term of supervised release represent the minimum sentence which the court was authorized to impose. Therefore, the court neither imposed an illegal sentence nor violated the fifth amendment in sentencing petitioner.

Based on the above, all but one of petitioner's ineffective assistance of counsel claims fail, since they revolve around counsel's performance at petitioner's sentencing. Since we find that the penalty provisions were adequately explained to del Valle–Mulero at the Fed.R.Crim.P. 11 hearing and that he entered his plea aware that he would face a minimum five-year prison term, we find that the facts alleged do not raise an ineffective assistance claim with respect to counsel's performance at the change of plea and sentencing hearings.

■ Petitioner does raise one other potential basis for an ineffective assistance claim. In his addendum to his section 2255 petition, he makes passing reference to the fact that he is not fluent in English and that during the court proceedings he "was consistently prodded by his attorney to answer yes and no questions without interpretation." (Docket Document No. 1, *Ad-*

*dendum* at 3). This statement could be interpreted as either challenging petitioner's ability to understand the court proceedings or could go to the issue of whether his plea was, in fact, voluntary. After reviewing the change of plea transcript, we find both of these potential bases without support in the record.

First, it is clear from the minutes of the Fed.R.Crim.P. 11 hearing that a court interpreter was present. (Criminal Docket Document No. 809). Also, at the beginning of the hearing the court refers to the interpreter in asking petitioner to answer the questions using his voice, rather than by nodding his head. (Criminal Docket Document No. 1146, Tr. at 2). It is clear then that petitioner had the services of a court interpreter throughout his change of plea hearing and, therefore, has not alleged facts which might challenge the voluntariness of his plea based on his inability to speak and understand English.

As to the second potential claim—counsel's alleged "prodding" of petitioner into answering questions without an explanation—we find that del Valle–Mulero has failed to present any reason why he should be relieved from the testimony that he gave during his Rule 11 hearing. *Panzardi–Alvarez v. United States*, 879 F.2d 975, 982 (1st Cir.1989), *cert. denied*, 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990); *Ouellette v. United States*, 862 F.2d 371, 374–75 (1st Cir.1988). In *United States v. Butt*, 731 F.2d 75, 78–79 (1st Cir.1984), the First Circuit noted that the plea petition and transcript of Rule 11 hearing, "because they are contemporaneous with the entering of a change of plea, are highly relevant and competent evidence of the nature and extent of the plea bargain." One purpose behind the extensive inquiry which must accompany a Fed.R.Crim.P. 11 proceeding before a guilty plea can be accepted is to promote the finality of litigation, *see Ouellette*, 862 F.2d at 374, and it is for this reason that petitioner has the burden of coming forward with reasons to show why the prior testimony given under oath was not accurate. *Panzardi–Alvarez*, 879 F.2d at 982.

Here, at the Rule 11 hearing the court conducted an extensive inquiry before accepting del Valle–Mulero's plea. Petitioner testified that: he was satisfied with the work that his attorney had done for him (Tr. at 5); he understood that by pleading guilty he would waive his right to a trial by jury, as well as other constitutional rights which flow from a jury trial (Tr. at 5–8); he had read the indictment (Tr. at 8); he was aware of the penalties (Tr. at 14–16); and he was aware of the terms of the plea agreement entered into with the government, as well as the court's ability to sentence him beyond the agreed-upon number of years called for in the plea agreement (Tr. at 17–19). He also testified that no one had made any promise to him other than the terms contained in the plea agreement nor had he been induced to plead guilty (Tr. at 23–24). He also made no challenge either to the description of his criminal conduct or to the government's proffer of evidence against him. (Tr. at 24–27). Without presenting some reason why these statements were not accurate, we have no basis for questioning the voluntariness of del Valle–Mulero's plea. The fact that counsel may have encouraged him to respond to the court's questions, without more, is simply not sufficient to raise a claim. Also, petitioner has failed to allege facts showing that, but for counsel's "prodding", he would not have plead guilty and would have insisted on going to trial, an allegation necessary to show "prejudice" based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 59–60, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *United States v. Mateo*, 950 F.2d 44, 48–9 (1st Cir.1991); *Panzardi–Alvarez*, 879 F.2d at 982.

Since petitioner has come forward with no reasons why his prior testimony should not stand, we dismiss his last basis for claiming ineffective assistance of counsel.

Del Valle–Mulero's section 2255 motion is denied and his petition is dismissed.

IT IS SO ORDERED.