7 F.3d 218
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joseph F. DRUAN, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 93-1092.
 United States Court of Appeals,
First Circuit.
 October 7, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Joseph F. Druan on brief pro se.
 A. John Pappalardo, United States Attorney, and Andrew Levchuk, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Joseph F. Druan appeals from the denial of his petition for habeas corpus filed under 28 U.S.C. § 2255. After carefully reviewing the record and the parties' briefs, we affirm the judgment of the district court for essentially the reasons stated in its Order dated January 5, 1993. We add to that decision the following comments.
 
 
 2
 The district court properly disposed of this case without a hearing. "An evidentiary hearing is not required where the section 2255 petition, any accompanying exhibits, and the record evidence 'plainly [reveal] ... that the movant is not entitled to relief.... ' " Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (quoting Rule 4(b), Rules Governing Section 2255 Proceedings). That is, summary dismissal is appropriate where the grounds for relief are not cognizable under § 2255 or are merely bald assertions without specific and particular factual allegations. Id. We agree with the district court that the petition was deficient in both regards.
 
 
 3
 Further, Druan did not submit any valid reasons why he now should be relieved of the statements he made in his change-of-plea hearing. See Ouellette v. United States, 862 F.2d 371, 374 (1st Cir. 1988). His claims in this regard are based on facts with which the district court judge was familiar because he had presided at both the Rule 11 and sentencing hearings. As such, he was entitled to make findings without an additional hearing and we will not overturn his findings absent clear error. See Barrett, 965 F.2d at 1186; Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989), cert. denied, 493 U.S. 1082 (1990). Under this standard of review, the district court judge's findings that Druan's guilty plea was voluntary and that his counsel provided effective assistance are more than adequately supported by the record.
 
 
 4
 As for Druan's attempt to argue that his § 2255 petition raised a jurisdictional issue because no "overt acts" had occurred in Massachusetts, we note only that at the change-of-plea hearing the government plainly set forth the fact that the videotape, made in Connecticut, was transported to Massachusetts. Druan, at this hearing, specifically agreed with this description of the facts.
 
 
 5
 The judgment of the district court is affirmed.