**Robert F. DZIURGOT, Petitioner, Appellant,**

v.

**Dennis LUTHER, Warden, Federal Correctional Institution, Danbury, Connecticut, Respondent, Appellee.**

Nos. 89–1379, 89–1380.

United States Court of Appeals, First Circuit.

Submitted Sept. 15, 1989.

Decided March 16, 1990.

Robert F. Dziurgot, on brief pro se.

Peter E. Papps, Acting U.S. Atty., on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

*Pro se* appellant Robert Dziurgot, an attorney, was convicted on April 10, 1980, following a jury trial, of income tax evasion and related offenses. He was sentenced on May 9, 1980, to a number of concurrent terms of two years' imprisonment, a two-year suspended sentence, and probation for five years. Following a separate trial he was also convicted on September 22, 1980, of receipt and interstate transportation of stolen property and sentenced on October 20, 1980, to concurrent terms of five years' imprisonment, to run consecutive to his prior sentence. Dziurgot appealed both convictions. Execution of sentence was stayed pending appeal. After this court affirmed Dziurgot's stolen property conviction on November 18, 1981, Dziurgot's counsel, Jack David, moved for voluntary dismissal of his appeal in the tax evasion case, stating that Dziurgot wished to begin serving his sentence and to be spared the costs of appeal. This court dismissed the appeal on December 31, 1981. Dziurgot was ordered to surrender to federal authorities on December 21, 1981, but failed to appear. He was arrested in Florida on March 4, 1986, living under an assumed name. Following his imprisonment he was convicted of bail jumping and sentenced to two years' further imprisonment.

Subsequently, on November 7, 1988, Dziurgot filed the instant motion under 28 U.S.C. § 2255 to vacate the sentence imposed upon him in the tax evasion case. Dziurgot stated four grounds for the motion. First Dziurgot stated that he was denied his Sixth Amendment right to be present and to confront witnesses against him during approximately the last five weeks of his three-month trial. He asserted that although he waived his right to be present at trial so that he could undergo needed surgery in the wake of a gallbladder attack, the waiver was not knowingly, intelligently, and voluntarily made because he was in severe pain and under the influence of serious prescribed pain-killing drugs, Percodan and Demerol, at the time of the waiver. Second, Dziurgot alleged that he was denied his right to appeal his income tax evasion conviction because his appeal was withdrawn without his knowledge or consent by attorney Jack David, Dziurgot's counsel in his stolen property case and New York co-counsel in the instant tax evasion case, who Dziurgot claims was not Dziurgot's counsel of record. Third, Dziurgot claimed he was denied the opportunity to review and comment on the presentence report during sentencing proceedings. Finally, Dziurgot alleged ineffective assistance of counsel at trial in that counsel failed to introduce mitigating evidence during sentencing proceedings, failed to permit Dziurgot to testify at trial, failed to introduce certain exculpatory evidence, and generally was ineffective at trial.

The § 2255 motion was denied without a hearing by Judge Devine, the same judge who had presided over the trial, on January 24, 1989, in a fourteen-page opinion. Dziurgot then moved for rehearing, arguing that he was entitled to an evidentiary hearing on his claims before a trier of fact other than the trial judge. That motion was denied by Judge Devine on March 13, 1989. Dziurgot now appeals from both denials.

We affirm the district court's dismissal of all of Dziurgot's grounds for relief under 28 U.S.C. § 2255—except Dziurgot's claim of denial of his right to be present at trial—for the reasons stated by the district court in its January 24, 1989 order.

█ We add that although Dziurgot's attorney withdrew Dziurgot's appeal in December 1981, allegedly without Dziurgot's knowledge or consent, there is nothing in the record to suggest that Dziurgot raised any objection to this withdrawal at any

time before the filing of his § 2255 motion in November 1988. Obviously Dziurgot must have known of the withdrawal long before then. We agree with the district court that, due to Dziurgot's four-year flight from custody, his appeal would have been subject to dismissal in any event under *United States v. Puzzanghera,* 820 F.2d 25, 26 (1st Cir.), *cert. denied,* 484 U.S. 900, 108 S.Ct. 237, 98 L.Ed.2d 195 (1987).

Further, as the district court pointed out, it is clear on the face of the transcript of the sentencing proceedings that Dziurgot had an opportunity to review and comment upon the contents of the presentence report.

As for Dziurgot's ineffective assistance of counsel claim, Dziurgot has said nothing to impel us to disregard the district judge's first-hand evaluation of Dziurgot's counsel's conduct of the trial. *See Ouellette v. United States,* 862 F.2d 371, 377–78 (1st Cir.1988) (disposition of ineffective assistance of counsel claim without a hearing is appropriate where district judge is thoroughly familiar with the case, the record conclusively contradicts the allegations, and an evidentiary hearing would add little or nothing to the record); *McCarthy v. United States,* 764 F.2d 28, 31–32 (1st Cir. 1985). We find insubstantial Dziurgot's specific contention that counsel failed to put in evidence that Dziurgot owned no share of Appleton Manor, Dziurgot's residence, and therefore did not benefit from improvements to it made with corporate funds. Even accepted *arguendo,* this argument overlooks the fact suggested by the record that Dziurgot was charged with and convicted of several methods of tax evasion unrelated to Appleton Manor.

■ As for Dziurgot's claim on appeal and in his motion for rehearing in the district court that attorney Jack David had a conflict of interest because David was under investigation by the same office that prosecuted Dziurgot, that claim was not properly before the district court because it was not raised in Dziurgot's § 2255 motion. *See United States v. Valencia–Copete,* 792 F.2d 4, 5 (1st Cir.1986); *United States v. Winter,* 730 F.2d 825, 827 (1st Cir.1984).

In any event, the claim is undermined by Dziurgot's admission that David did not actively participate in the trial. *Cf. United States v. McLain,* 823 F.2d 1457, 1463 (11th Cir.1987) (*quoting Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980)) (to establish a Sixth Amendment violation, a defendant who raised no objection at trial "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance"). Although David did move for voluntary dismissal of Dziurgot's appeal, we have already found that that dismissal, even if without Dziurgot's knowledge, did not prejudice Dziurgot.

■ We are troubled, however, by the district court's dismissal without an evidentiary hearing of Dziurgot's claim of denial of his right to be present at trial. The facts relevant to that claim are, briefly, as follows. Trial began on January 15, 1980. On March 3, 1980, with trial still underway, Dziurgot's counsel advised the court that Dziurgot had had a gallbladder attack and would need surgery to remove his gallbladder. Counsel pointed out that Dziurgot was being given painkillers and noted that this might make it inadvisable to call Dziurgot as a witness. On March 4, counsel filed a written waiver of Dziurgot's right to be present at trial on March 5. Dziurgot was present again on March 6. On March 10, Dziurgot's counsel filed a written waiver, signed by Dziurgot, of his right to be present at the rest of the trial, citing imminent abdominal surgery. The district court questioned Dziurgot briefly about the matter, as follows:

THE COURT: ...

The Court has received for the file Mr. Dziurgot's waiver. I understand, Mr. Dziurgot, that you are undergoing surgery tomorrow, and this waiver that you have filed is waiving your right to be present to the remainder of the jury trial, or until the doctors say you can return to us.

MR. ROBERT F. DZIURGOT: That's correct.

THE COURT: Have they given you any estimate as to when you will be back with us?

MR. ROBERT F. DZIURGOT: Approximately four weeks, so I have no idea.

THE COURT: I hope everything comes out all right. There is no pun intended in that. Anything further, gentlemen? All right.

Dziurgot contended that his waiver was not knowing, intelligent and voluntary because he submitted it while under the influence of painkiller drugs, Percodan and Demerol, which impaired his mental faculties. The district judge dismissed this claim without a hearing. In doing so, the district judge relied almost entirely upon his personal observation of Dziurgot on March 10. The judge ruled,

> Here, the petitioner, himself a lawyer, voluntarily executed and caused to be filed with the Court his written waiver of the right to be present at further trial proceedings. This judge had the opportunity to observe and discuss the matter with Mr. Dziurgot. He gave no sign of being under the influence of medication or any other substance which impaired his mental faculties. I find and rule that his voluntary waiver was executed with full knowledge of its consequences and while he was competent to execute and file such document.

Section 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that a hearing need not be held "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Thus, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredi-

ble, or conclusions rather than statements of fact." *Myatt v. United States*, 875 F.2d 8, 11 (1st Cir.1989) (quoting *United States v. Mosquera*, 845 F.2d 1122, 1124 (1st Cir. 1988)). *See United States v. Giardino*, 797 F.2d 30, 32 (1st Cir.1986); *DeVincent v. United States*, 602 F.2d 1006, 1009 (1st Cir.1979).

In the instant case none of these exceptions to the hearing requirement is met. There is no question that Dziurgot's allegations, if accepted as true, would entitle him to relief (as long as Dziurgot suffered resulting prejudice, *see, e.g., United States v. Toliver*, 541 F.2d 958, 964–65 (2nd Cir. 1976)). Nor is there any basis for not accepting Dziurgot's allegations as true for purposes of determining his entitlement to a hearing. Dziurgot's allegations are by no means conclusory, or inherently incredible. Indeed, there is no dispute that Dziurgot in fact was taking painkiller drugs at the time of the waiver. Although we agree that it seems highly unlikely that, given Dziurgot's status as a New York tax attorney, he did not realize what he was doing when he waived his right to be present on March 5, March 10 and throughout the remainder of the trial, we could not affirm a finding that such a claim is inherently incredible.

■ Nor does the record conclusively contradict Dziurgot's claim. There is essentially nothing in the record—beyond the brief colloquy between Dziurgot and the district judge on March 10, and the district judge's personal observation and recollection of that colloquy—on which to base a judgment as to the seriousness of the effects of Dziurgot's medication on his mental state. A district judge may rely, of course, on his own personal observation and recollection of events at trial to supplement the record. *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962); *Gregory v. United States*, 585 F.2d 548, 550 n. 1 (1st Cir.1978); *United States v. DiCarlo*, 575 F.2d 952, 954–55 (1st Cir.), *cert. denied*, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). In a case such as this one, however, a district judge cannot rely almost solely on personal

recollection to dismiss without a hearing a claim challenging the voluntariness of a waiver of rights.

In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), a convicted defendant filed a petition under § 2255 claiming that he had been mentally incompetent as a result of narcotics when he declined assistance of counsel, signed a waiver of indictment, and pleaded guilty to bank robbery. The district judge dismissed this claim without a hearing based on his contemporaneous personal observation of the defendant and on the regularity of the proceedings. The Court found this an inadequate basis for dismissal, stating,

> Whether or not petitioner was under the influence of narcotics would not necessarily have been apparent to the trial judge. Petitioner appeared before him without counsel and but briefly. That the judge may have thought that he acted with intelligence and understanding in responding to the judge's inquiries cannot "conclusively show," as the statute requires, that there is no merit in his present claim.

Id. at 20, 83 S.Ct. at 1079. Accordingly, the Court remanded the case for an evidentiary hearing at which defendant would be afforded an opportunity to present any evidence he might muster in support of his claim.

Other courts, similarly, have declined to permit a district judge to dismiss claims of drug-induced waiver based on no more than the judge's contemporaneous personal observation of the defendant. *See, e.g., Machibroda, supra,* 368 U.S. at 495, 82 S.Ct. at 514 ("Nor were the circumstances alleged [—such as purported prosecutorial promises and threats made outside the courtroom—] of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection."); *Wojtowicz v. United States,* 550 F.2d 786, 790 (2nd Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2938, 53 L.Ed.2d 1071 (1977); *United States v. Masthers,* 539 F.2d 721, 728 (D.C.Cir.1976); *Lopez v. United States,* 439 F.2d 997, 999–1000 (9th Cir.1971); *Alexander v. United States,* 290 F.2d 252, 254 (5th Cir.), *cert. denied,* 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed.2d 89 (1961).

■ Accordingly, the source of our concern about the lack of an evidentiary hearing is that Dziurgot was never given an opportunity to present medical or other evidence in an attempt to prove his claim that drugs had impaired his mental faculties so severely as to call his waiver into question. Of course, it is by no means an ironclad rule that under *Sanders* a § 2255 petitioner who challenges the voluntariness of a waiver of rights is entitled to a hearing. Again, where a petitioner's allegations of drug-induced waiver are conclusory or inherently incredible, certainly the district judge need not incur the time and expense of further proceedings. In that situation the judge has discretion to dismiss the petition without a hearing based on the judge's personal recollection that the waiver appeared knowing, intelligent and voluntary. *Sasser v. United States,* 452 F.2d 1104, 1106 (9th Cir.1972). We have already found, however, that Dziurgot's allegations here are neither conclusory nor inherently incredible.

There may also be cases where a hearing would serve little purpose because no medical testimony appears available, *see Bennett v. United States,* 413 F.2d 237, 240–41 (7th Cir.1969), *cert. denied,* 397 U.S. 996, 90 S.Ct. 1136, 25 L.Ed.2d 404 (1970), or where there is already ample medical evidence in the record, *Williams v. United States,* 443 F.2d 1151, 1154–55 (5th Cir. 1971), or where the quality or duration of the district judge's relevant contact with petitioner lends special weight to the judge's recollection, *see United States v. Grimes,* 641 F.2d 96, 99 (3d Cir.1981); *Bennett, supra,* 413 F.2d at 240. So far as appears here, however, the district judge's contact with Dziurgot on March 10 was brief. There is little other record evidence, medical or otherwise, as to voluntariness. And, on the present record there is no reason to doubt that medical evidence possibly may be available. Certainly this is not a case where "[i]t is apparent that an evidentiary hearing would have added little or nothing to the present extensive record." *Ouellette, supra,* 862 F.2d at

378. *See also Machibroda, supra,* 368 U.S. at 494–95, 82 S.Ct. at 513–14. Indeed, in his motion for rehearing in the district court Dziurgot noted the kinds of evidence that could be adduced at a hearing: "medical testimony as to the effect of the medication on the movant; medical testimony as to the effect of the pain suffered by the movant prior to surgery; and medical testimony as to the type of mental and emotional stress the movant was under prior to having such major surgery." Ten years after the event memories may be dim as to the effects of the medication on Dziurgot personally, but, for example, there could be medical testimony about the general effects of the dosages of Percodan and Demerol taken by Dziurgot. Accordingly, we conclude that Dziurgot is entitled to an opportunity to come forward with such evidence as he can muster.

Finally, we have considered the other contentions raised in Dziurgot's briefs on appeal and find them meritless. With regard to Dziurgot's complaint that he was never served with a copy of the government's opposition to his § 2255 motion, on remand the government is directed to provide Dziurgot with a copy.

The district court's denial of Dziurgot's motion under 28 U.S.C. § 2255 is affirmed, except as to Dziurgot's allegation of denial of his right to be present at trial proceedings. As to that claim, there must be an evidentiary hearing. We also feel that in the interest of the appearance of justice, a judge different than the one who presided at the trial should hold the evidentiary hearing. Although the district judge acted properly in considering Dziurgot's § 2255 petition in order to determine the need for an evidentiary hearing, *Halliday v. United States,* 380 F.2d 270, 274 (1st Cir.1967), the same judge should not now conduct a § 2255 hearing "to take new evidence and, in effect, review the correctness of his own determination." *Id.* at 272. The case is remanded for further proceedings consistent herewith.