972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Robert F. DZIURGOT, Petitioner, Appellant,
v.
Dennis LUTHER, Warden, Respondent, Appellee.
 No. 91-2087.
 United States Court of Appeals,
First Circuit.
 August 4, 1992
 
 Appeal from the United States District Court for the District of New Hampshire
 Robert F. Dziurgot on brief pro se.
 Jeffrey R. Howard, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Robert Dziurgot, an attorney, was put on trial before a jury in federal district court in New Hampshire for income tax evasion and related offenses. His trial began on January 15, 1980. On March 3, 1980, with trial still underway, Dziurgot's counsel advised the court that Dziurgot had experienced a gallbladder attack and would need surgery. Counsel pointed out that Dziurgot was being given painkillers and noted that this might make it inadvisable to call Dziurgot as a witness. On March 4, counsel filed a written waiver of Dziurgot's right to be present at trial on March 5. On March 6, Dziurgot was present again. On March 10, citing imminent abdominal surgery, Dziurgot's counsel filed a further written waiver, signed by Dziurgot, of his right to be present at the remainder of the trial. The district court questioned Dziurgot briefly about the matter:
 
 
 2
 THE COURT: ...
 
 
 3
 The Court has received for the file Mr. Dziurgot's waiver. I understand, Mr. Dziurgot, that you are undergoing surgery tomorrow, and this waiver that you have filed is waiving your right to be present to the remainder of the jury trial, or until the doctors say you can return to us.
 
 
 4
 MR. ROBERT F. DZIURGOT: That's correct.
 
 
 5
 THE COURT: Have they given you any estimate as to when you will be back with us?
 
 
 6
 MR. ROBERT F. DZIURGOT: Approximately four weeks, so I have no idea.
 
 
 7
 THE COURT: I hope everything comes out all right. There is no pun intended in that. Anything further, gentlemen? All right.
 
 
 8
 The trial continued. On April 10, 1980, Dziurgot was convicted of income tax evasion and related offenses. On May 9, 1980, he was sentenced to a number of concurrent terms of two years in prison, a two-year suspended sentence, and probation for five years. Following a separate trial he was also convicted of receipt and interstate transportation of stolen property and sentenced to concurrent terms of five years in prison, to run consecutive to his earlier sentence. Dziurgot appealed both convictions. Following our affirmance of the stolen property conviction, we granted Dziurgot's motion for voluntary dismissal of his appeal in the tax case on December 31, 1981. Dziurgot then failed to appear for incarceration and, following his apprehension on March 4, 1986, was convicted of bail jumping and sentenced to a further two-year prison term.
 
 
 9
 On November 7, 1988, Dziurgot filed the instant motion under 28 U.S.C. § 2255, seeking to vacate the sentence in the tax evasion case. Among other grounds, Dziurgot claimed that he was denied his Sixth Amendment right to be present and to confront witnesses against him during the last five weeks of his three-month trial. He asserted that, although he waived his right to be present at trial so that he could undergo needed surgery in the wake of the gallbladder attack, the waiver was not knowingly, intelligently, and voluntarily made because, at the time of the waiver, he was in severe pain and under the influence of serious prescribed pain-killing drugs (Percodan and Demerol) which impaired his mental faculties.
 
 
 10
 The district judge dismissed this claim, and Dziurgot's other claims, without a hearing. In doing so, the judge relied almost entirely upon his personal observation of Dziurgot on March 10. The judge stated:
 
 
 11
 Here, the petitioner, himself a lawyer, voluntarily executed and caused to be filed with the Court his written waiver of the right to be present at further trial proceedings. This judge had the opportunity to observe and discuss the matter with Mr. Dziurgot. He gave no sign of being under the influence of medication or any other substance which impaired his mental faculties. I find and rule that his voluntary waiver was executed with full knowledge of its consequences and while he was competent to execute and file such document.
 
 
 12
 Dziurgot appealed. We vacated the dismissal of Dziurgot's claim concerning his right to be present at trial. Dziurgot v. Luther, 897 F.2d 1222 (1st Cir. 1990). In so ruling, we held that the district court erred in dismissing Dziurgot's claim without a hearing because Dziurgot's allegations, if true, would entitle him to relief, and because his allegations were not inherently incredible, unduly conclusory, or contradicted by the record. We further held that the district court's colloquy with Dziurgot had been too limited to permit the court to rely almost solely on personal recollection and observation to find Dziurgot's waiver to have been voluntary, knowing, and intelligent. We remanded for an evidentiary hearing, before a different district judge, at which Dziurgot would be afforded "an opportunity to come forward with such evidence as he can muster." Id. at 1227.
 
 
 13
 On remand, counsel was appointed to represent Dziurgot. The evidentiary hearing was held on September 16, 1991. Dziurgot testified in his own behalf. He also called Dr. Mark Selesnick, a family practitioner in Pittsfield, New Hampshire, as a witness. The government called three witnesses: Dr. Roger Fossum, Chief Medical Officer of the State of New Hampshire; Dr. Allen Spinner, a pharmacologist at Concord Hospital; and Clifford Hatem, the IRS case agent who attended Dziurgot's trial. On September 19, 1991, the district court issued an "order on remand" in which it ruled that Dziurgot's waiver was voluntary, knowing, and intelligent. Consequently, the court dismissed Dziurgot's claim. We affirm.
 
 
 14
 The district court made findings of fact in support of its conclusion that Dziurgot acted voluntarily, knowingly, and intelligently in waiving his right to be present at trial. We review these factual findings only for clear error. United States v. Ouellette, 862 F.2d 371, 377 (1st Cir. 1988); McCarthy v. United States, 764 F.2d 28, 30 (1st Cir. 1985); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir.), cert. denied, 439 U.S. 834 (1978).
 
 
 15
 We begin with Dziurgot's waiver of March 10, 1980. Dziurgot points to two features indicating the involuntariness of this waiver: (1) the effect of the painkillers and (2) the severe pain he was experiencing.
 
 
 16
 Dr. Fossum testified that the medical records showed only one injection of Demerol (on March 2, 1980). He further testified that any drug taken on March 2 would have been completely metabolized and excreted, and thus would have had no further effect, by March 10. Dziurgot's own testimony confirms that he was given Demerol only on March 2. Hence, the district court was entitled to disregard Dziurgot's claim that Demerol affected the voluntariness of his waiver.
 
 
 17
 As for Percodan, Dr. Fossum testified that the medical records showed only that Dziurgot was given four Percodan tablets on March 3. The records did not indicate when Dziurgot actually ingested the tablets. Dziurgot himself offered no testimony as to when he may have ingested these tablets. He stated that he did not recall whether he took Percodan on or shortly before March 10. Especially given Dr. Spinner's testimony that the effects of Percodan wear off in four to five hours, we can hardly find clear error in the district court's failure to credit a claim that Percodan affected Dziurgot's waiver.
 
 
 18
 As to the second factor, Dziurgot testified that he was experiencing such severe pain from the gallbladder problem that he doubled over. According to Dr. Fossum, however, the hospital records showed no notable symptoms of pain. The doctor testified that, had Dziurgot been experiencing the kind of pain he now asserts, he would have exhibited marked symptomatology that would have been noted in the hospital records. Dr. Fossum also noted that Dziurgot's election to delay the surgery for three days would not be expected from a patient seeking immediate relief from unbearable pain.
 
 
 19
 Dr. Fossum also testified that, if Dziurgot was suffering excruciating pain when he appeared before the court on March 10, there should have been noticeable outward manifestations of that pain. Neither Hatem-who attended the trial every day-nor the original trier, Judge Devine, noticed any signs of pain. On this record, we can readily uphold the district court's determination that Dziurgot's March 10 waiver was voluntary, knowing, and intelligent.
 
 
 20
 Dziurgot argues in his brief on appeal that there was another waiver, on March 4. Dziurgot was present again on March 6. Dziurgot urges that we consider the evidence supporting his claim that the March 4 waiver was involuntary.
 
 
 21
 In the first place, we doubt that this claim is properly before us. In the second place, we think the evidence we have already discussed vitiates any allegation that the March 4 waiver was involuntary.
 
 
 22
 Finally, Dziurgot complains that the district court did not follow adequate procedures on either March 4 or March 10 to inquire into, and confirm, that the waivers were voluntary, knowing, and intelligent. This ground was not cited as a basis for relief either in the § 2255 petition or at earlier stages of this proceeding. We will not consider for the first time claims for § 2255 relief not raised in the district court. United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986).
 
 
 23
 In any event, insofar as the procedures followed on March 4 are challenged, any defect was cured by the March 10 waiver. We also note, although we do not reach the issue, that there may well be no constitutional impediment to a waiver through counsel where a defendant cannot, or simply does not, appear for trial. See Polizzi v. United States, 926 F.2d 1311, 1322 (2d Cir. 1991).
 
 
 24
 As for the March 10 waiver, we have affirmed the district court's finding, after a full evidentiary hearing, that the waiver was voluntary, knowing, and intelligent. That being so, we cannot envision any circumstances under which we would find that a procedural defect, if, indeed, one existed, so offended the Constitution as to permit a collateral attack.
 
 
 25
 The district court's denial of Dziurgot's petition under 28 U.S.C. § 2255 is affirmed.