[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1369

 NICHOLAS R. MARINO,

 Petitioner,

 v.

 UNITED STATES OF AMERICA,

 Respondent.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, U.S. District Judge]
 

 

 Before

 Selya and Cyr, Circuit Judges,
 

 and Bownes, Senior Circuit Judge.
 

 

 Cheryl J. Sturm on brief for appellant-petitioner.
 
 James H. Leavey, Assistant United States Attorney and Edwin
 
J. Gale, United States Attorney on brief for respondent.
 

 

 July 30, 1993
 

 PER CURIAM. Petitioner Marino was indicted for
 

conspiracy to distribute and possession with intent to

distribute 1,000 kilograms or more of marijuana in violation

of 21 U.S.C. 841(a)(1), (b)(1)(A)(vii) and 846 (Count I),

and attempting to possess with intent to distribute one

hundred kilograms or more of marijuana in violation of 21

U.S.C. 841(a)(1), (b)(1)(B)(vii) and 846, and 18 U.S.C. 

2 (Count III). Marino entered a plea agreement with the

government pursuant to which he pled guilty to Count III of

the indictment which had been amended to delete a reference

to the specific quantity of marijuana involved. For its

part, the government agreed to dismiss Count I and recommend

the minimum sentence under Count III at the sentencing

hearing. Marino was sentenced to an eighty-two month term of

incarceration, which sentence was upheld on appeal. United
 

States v. Marino, 936 F.2d 23 (1st Cir. 1991). Subsequently,
 

Marino filed a motion under 18 U.S.C. 2255 to vacate, set

aside or correct his sentence. The district court summarily

denied the motion without conducting an evidentiary hearing.

Marino appeals, and, finding no error, we affirm.

 The background of this case was reported in detail

by this court in its opinion affirming Marino's sentence.

Marino, 936 F.2d 23 (1st Cir. 1991). We therefore will pause
 

only long enough to highlight relevant facts in the context

of Marino's two claims.

 -2-
 2

 I

 Lack of an Evidentiary Hearing
 

 Marino claims that the district court erred in

denying his motion without the benefit of an evidentiary

hearing. Specifically, he contends that, because no rational

explanation was provided to explain his trial counsel's

"paradoxical" advice, the court should have held an

evidentiary hearing. The advice to which Marino refers was

the following: Counsel advised Marino against going to trial

because the jury would not believe his story that he was only

interested in purchasing one pound of marijuana.1

Subsequently, counsel advised Marino to give his one-pound

purchase claim to the Probation Department in a prepared

statement, and to repeat it under oath at the presentence

evidentiary hearing.

 Marino followed counsel's advice. The trial judge

did not believe Marino's story, and found instead that Marino

 was involved in a transaction which
 involved more than 100 kilograms of a

 

1. In a letter to petitioner, counsel stated:
 It is obvious to me that you will not be
 able to testify. In the event you wish
 to do so, however, that option is yours.
 It is my strong feeling that in the event
 you do testify, you would hurt yourself
 more than help, and that the government
 could, quite easily, prove the
 allegations necessary to convict you in
 Count No. III, based on your own prior
 statement and the testimony of the other
 defendants.

 -3-
 3

 substance containing a detectable amount
 of marijuana, that is, 500 pounds, that
 the deal was, and as the tape
 demonstrated, it was going to be 500
 pounds at a time or maybe 1000 pounds at
 a time until we got to the ultimate
 amount. So that I'm satisfied with
 respect to the third count that there was
 more than 100 kilos that Mr. Marino was
 involved with.

That finding was upheld by this court on appeal. Marino, 936
 

F.2d at 27-29. Three consequences flowed from the finding:

first, Marino's base offense level was set at 26; second,

Marino was not given credit for acceptance of responsibility

because he only acknowledged his guilt with respect to one

pound of marijuana; and third, the court added a two-level

upward adjustment for obstruction of justice, finding that

Marino had lied at the presentence evidentiary hearing and in

his statement of acceptance of responsibility. This court

affirmed these decisions on appeal. Marino, 936 F.2d at 27-
 

32.

 Marino now claims that had he been advised of the

possible consequences of his statement to the Probation

Department and his testimony at the presentence hearing, he

would have presented his story through third-party witnesses

rather than testifying on his own behalf. He alleges that he

presented the district court with a prima facie case of
 

ineffective assistance of counsel, and that the district

court erred in dismissing his claim without the benefit of an

evidentiary hearing. We disagree.

 -4-
 4

 Section 2255 provides that a petitioner is entitled

to an evidentiary hearing on his motion "[u]nless the motion

and the files and records of the case conclusively show that

the prisoner is entitled to no relief." Rule 4(b) of the

Rules Governing Section 2255 Proceedings in the United States

District Courts provides that "[i]f it plainly appears from

the face of the motion and any annexed exhibits and the prior

proceedings in the case that the movant is not entitled to

relief in the district court, the judge shall make an order

for its summary dismissal and cause the movant to be

notified." This court has summarized the rule as follows:

 [A] petition can be dismissed without a
 hearing if the petitioner's allegations,
 accepted as true, would not entitle the
 petitioner to relief, or if the
 allegations cannot be accepted as true
 because "they are contradicted by the
 record, inherently incredible, or
 conclusions rather than statements of
 fact." Dziurgot v. Luther, 897 F.2d
 
 1222, 1225 (1st Cir. 1990) (quoting Myatt
 
 v. United States, 875 F.2d 8, 11 (1st
 
 Cir. 1989)). 

United States v. Rodriguez-Rodriguez, 929 F. 2d 747, 749-50
 

(1st Cir. 1991).

 Petitioner claims that his counsel's inconsistent

advice, because it resulted in an increase in petitioner's

offense level, constituted, ipso facto, ineffective
 

assistance of counsel. The legal standard is clear.

Petitioner must show both that counsel's performance fell

below an objective standard of reasonableness and that

 -5-
 5

prejudice resulted. Strickland v. Washington, 466 U.S. 668,
 

687 (1984). See also Lopez-Nieves v. United States, 917 F.2d
 

645, 648 (1st Cir. 1990). Counsel's performance must be

examined "not in hindsight, but based on what the lawyer

knew, or should have known, at the time his tactical choices

were made and implemented." United States v. Natanel, 938
 

F.2d 302, 309 (1st Cir. 1991), cert. denied, 112 S. Ct. 986
 

(1992). The "range of reasonable professional assistance" is

quite wide. See Strickland, 466 U.S. at 689. Therefore, as
 

the Supreme Court has noted, "[j]udicial scrutiny of

counsel's performance must be highly deferential." Id.
 

 We cannot say that defense counsel's performance

was unreasonable. As the court below held,

 [I]n making decisions regarding the
 propriety of having Petitioner testify at
 a trial and at a presentence evidentiary
 hearing, defense counsel had to evaluate
 two very distinct sets of circumstances.
 In deciding that Petitioner should not
 testify at trial, defense counsel had to
 take into account the considerable wealth
 of government evidence. . . . In
 deciding to permit Petitioner to testify
 at his presentence evidentiary hearing,
 however, defense counsel was required to
 view the government's evidence in a much
 different light. Although the government
 possessed an abundance of evidence
 linking Petitioner with the drug
 transaction generally, the government's
 evidence concerning the specific amount
 involved in the transaction was less
 persuasive. See United States v. Marino,
 
 936 F.2d at 28[-29]. Given the strength
 of the government's evidence connecting
 Petitioner with some sort of marijuana
 purchase and the ambiguities in the

 -6-
 6

 government's evidence concerning the
 amount of marijuana, it cannot be said
 that defense counsel's advice concerning
 either matter fell below an objective
 standard of reasonableness.

Marino v. United States, No. 92-0503B, Mem. and Order at 4
 

(D. R.I. February 23, 1993). Petitioner erroneously assumes

that giving different advice with respect to an issue at

different stages of a prosecution is per se unreasonable.
 

The district court acted within its discretion in denying

petitioner's motion without benefit of an evidentiary

hearing. Nothing would have been added to the court's

understanding of the issue by holding a hearing, especially

when the same court that denied the 2255 motion heard the

relevant evidence at sentencing.

 Even were we to accept petitioner's contention that

counsel's advice was unreasonable, we fail to see how he was

prejudiced by that advice. Petitioner claims that

"[p]rejudice in the case at bar is readily identified in

mathematical terms. The Guideline Range would have been 51-

63 months had the defendant been given consistent advice

about not giving a statement to the Probation Department and

not taking the witness stand at the Fatico hearing." We
 

disagree. Petitioner had much to gain by testifying. Had

the court believed him, the sentencing guideline range for

the base offense level would have dropped from 63-78 months

to 2-8 months. As the court below held, "[g]iven the

 -7-
 7

tremendous reduction in sentence Petitioner stood to gain by

successfully challenging the amount of marijuana, the court

cannot say that `but for' defense counsel's lack of advice

Petitioner would have decided not to testify at the

presentence evidentiary hearing." Marino v. United States,
 

No. 92-0503B, Mem. and Order at 6.

 In sum, petitioner's allegations, to the extent

they are factual, "would not entitle petitioner to relief"

under section 2255, Rodriguez-Rodriguez, 929 F.2d at 749;
 

and, to the extent they are conclusory, need not be credited.

See id. at 740-50. Hence, an evidentiary hearing was not
 

required.

 II

 Amendment of the Indictment
 

 Count III of Marino's original indictment stated:

 The Grand Jury further charges:
 That on or about December 19, 1989, in
 the District of Rhode Island and
 elsewhere, defendant NICHOLAS R. MARINO
 did attempt to possess with the intent to
 distribute 100 kilograms or more of a
 mixture or substance containing a
 detectable amount of marihuana, a
 Schudule [sic] I Controlled Substance in
 violation of Title 21, United States
 Code, Sections 841(a)(1) and
 (b)(1)(B)(vii).
 All in violation of Title 21, United
 States Code, Section 846 and Title 18,
 United States Code, Section 2.

As part of his plea agreement with the government, the words

"100 kilograms or more of" were deleted from the indictment,

 -8-
 8

by order of the court, prior to his entry of a plea of guilty

to Count III. The petitioner, the government and the court

all agreed that the amount of marijuana which Marino had

attempted to purchase was not an element of the crime with

which he had been charged, but rather that it was a

sentencing issue to be determined by the court in a

presentence evidentiary hearing prior to sentencing. See
 

United States v. Barnes, 890 F.2d 545, 551 n.6 (1st Cir.
 

1989), cert. denied, 494 U.S. 1019 (1990).
 

 After the modification, Count III of the indictment

stated that Marino "did attempt to possess with the intent to

distribute a mixture or substance containing a detectable

amount of marihuana, a Schudule [sic] I Controlled Substance

in violation of Title 21, United States Code, Sections

841(a)(1) and (b)(1)(B)(vii)." It is unclear why the
 

reference to a violation of 841(b)(1)(B)(vii) was not also

deleted. That provision provides for a mandatory five-year

minimum sentence for violations of 841(a) involving "100

kilos or more of a mixture or substance containing a

detectable amount of marijuana." 21 U.S.C. 

841(b)(1)(B)(vii).

 Although a hypertechnical reading of the amended

indictment could therefore lead to the conclusion that Marino

did, despite his best efforts, plead guilty to attempting to

possess more than one hundred kilos of marijuana, we decline

 -9-
 9

to so read the record. It is clear from the transcript of

the plea hearing that Marino did not intend to plead guilty

to an attempt to possess with intent to distribute more than

one pound of marijuana. It is likewise clear that the

government was amenable to his plea of guilty to an

undetermined quantity of marijuana, and that the issue of

quantity would be determined by the court at a presentencing

hearing. In the course of the plea colloquy, the court

determined that Marino understood: (1) the maximum penalty

for the crime with which he was charged; (2) that the penalty

would depend upon the amount of marijuana that he had sought

to purchase; and, (3) that the court would determine that

amount.

 Marino now claims that the court order deleting the

phrase "100 kilograms or more of" from Count III of the

indictment was an improper amendment of the indictment, and

that, as a result, the court was divested of jurisdiction in

the case. Marino concedes that the quantity of drugs

involved is not an element of an offense charged under 21

U.S.C. 841(a). He claims, however, that the quantity did

not constitute mere surplusage in the indictment because it

"notifies the accused of the exact nature of the charge," and

because "it alerts the defendant to the applicability of the

penalty enhancement provision."

 -10-
 10

 Petitioner's claims are without merit. As this

court recapitulated in United States v. Angiulo,
 

 "An indictment may not be amended
 except by resubmission to the grand jury,
 unless the change is merely a matter of
 form," but withdrawal of a portion of the
 indictment that the evidence does not
 support is not an impermissible
 amendment, "provided nothing is thereby
 added to the indictment, and that the
 remaining allegations charge an offense."

 847 F.2d 956, 964 (1st Cir.) (quoting United States v.
 

Winter, 663 F.2d 1120, 1139-40 (1st Cir. 1981)), cert.
 

denied, 488 U.S. 928 (1988). In this case, nothing was added
 

to the indictment by the removal of the reference to "100

kilos or more of" marijuana, and the remaining allegations

charged an offense. Indeed, they charged the offense with

which Marino had originally been charged: possession with

intent to distribute marijuana. Section 841(a) criminalizes

the possession with the intent to distribute any quantity of
 

marijuana. The quantity of drugs involved is not an element

of the crime; rather it is an issue to be determined by the

judge at the time of sentencing. See Barnes, 890 F.2d at 551
 

n.6.

 Marino's contention that vital information was

deleted from the indictment is rebutted by the fact that

Count III of the indictment, as amended, retained a reference

to 21 U.S.C. 841(b)(1)(B)(vii), thereby putting Marino on

notice as to the potential applicability of the enhanced

 -11-
 11

penalty provision. Furthermore, the fact that the government

had included the "100 kilograms or more" language in the

original indictment, along with the plea colloquy, made it

clear to defendant that the government would contest Marino's

"one pound" story at the time of sentencing. It cannot be

said that the amendment to the indictment resulted in unfair

prejudice or surprise to Marino. He requested the amendment,

and demonstrated an understanding of the implications that

amendment would have for the sentencing process. The

amendment to the indictment was proper and did not divest the

district court of jurisdiction.

 III

 Conclusion
 

 Finding no error in the judgment of the district

court, the judgment is therefore summarily affirmed. See 1st
 

Cir. Loc. R. 27.1.

 -12-
 12