998 F.2d 1001
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Nicholas R. MARINO, Petitioner,
v.
UNITED STATES OF AMERICA, Respondent.
 No. 93-1369.
 United States Court of Appeals,
First Circuit.
 July 30, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Cheryl J. Sturm on brief for appellant-petitioner.
 James H. Leavey, Assistant United States Attorney and Edwin J. Gale, United States Attorney on brief for respondent.
 D.R.I.
 AFFIRMED.
 Before Selya and Cyr, Circuit Judges, and Bownes, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Marino was indicted for conspiracy to distribute and possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) and 846 (Count I), and attempting to possess with intent to distribute one hundred kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846, and 18 U.S.C. § 2 (Count III). Marino entered a plea agreement with the government pursuant to which he pled guilty to Count III of the indictment which had been amended to delete a reference to the specific quantity of marijuana involved. For its part, the government agreed to dismiss Count I and recommend the minimum sentence under Count III at the sentencing hearing. Marino was sentenced to an eighty-two month term of incarceration, which sentence was upheld on appeal. United States v. Marino, 936 F.2d 23 (1st Cir. 1991). Subsequently, Marino filed a motion under 18 U.S.C. § 2255 to vacate, set aside or correct his sentence. The district court summarily denied the motion without conducting an evidentiary hearing. Marino appeals, and, finding no error, we affirm.
 
 
 2
 The background of this case was reported in detail by this court in its opinion affirming Marino's sentence. Marino, 936 F.2d 23 (1st Cir. 1991). We therefore will pause only long enough to highlight relevant facts in the context of Marino's two claims.
 
 
 3
 * Lack of an Evidentiary Hearing
 
 
 4
 Marino claims that the district court erred in denying his motion without the benefit of an evidentiary hearing. Specifically, he contends that, because no rational explanation was provided to explain his trial counsel's "paradoxical" advice, the court should have held an evidentiary hearing. The advice to which Marino refers was the following: Counsel advised Marino against going to trial because the jury would not believe his story that he was only interested in purchasing one pound of marijuana.[1] Subsequently, counsel advised Marino to give his one-pound purchase claim to the Probation Department in a prepared statement, and to repeat it under oath at the presentence evidentiary hearing.
 
 
 5
 Marino followed counsel's advice. The trial judge did not believe Marino's story, and found instead that Marino
 
 
 6
 was involved in a transaction which involved more than 100 kilograms of a substance containing a detectable amount of marijuana, that is, 500 pounds, that the deal was, and as the tape demonstrated, it was going to be 500 pounds at a time or maybe 1000 pounds at a time until we got to the ultimate amount. So that I'm satisfied with respect to the third count that there was more than 100 kilos that Mr. Marino was involved with.
 
 
 7
 That finding was upheld by this court on appeal. Marino, 936 F.2d at 27-29. Three consequences flowed from the finding: first, Marino's base offense level was set at 26; second, Marino was not given credit for acceptance of responsibility because he only acknowledged his guilt with respect to one pound of marijuana; and third, the court added a two-level upward adjustment for obstruction of justice, finding that Marino had lied at the presentence evidentiary hearing and in his statement of acceptance of responsibility. This court affirmed these decisions on appeal. Marino, 936 F.2d at 27-32.
 
 
 8
 Marino now claims that had he been advised of the possible consequences of his statement to the Probation Department and his testimony at the presentence hearing, he would have presented his story through third-party witnesses rather than testifying on his own behalf. He alleges that he presented the district court with a prima facie case of ineffective assistance of counsel, and that the district court erred in dismissing his claim without the benefit of an evidentiary hearing. We disagree.
 
 
 9
 Section 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." This court has summarized the rule as follows:
 
 
 10
 [A] petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (quoting Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)).
 
 
 11
 United States v. Rodriguez-Rodriguez, 929 F. 2d 747, 749-50 (1st Cir. 1991).
 
 
 12
 Petitioner claims that his counsel's inconsistent advice, because it resulted in an increase in petitioner's offense level, constituted, ipso facto, ineffective assistance of counsel. The legal standard is clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), cert. denied, 112 S. Ct. 986 (1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id.
 
 
 13
 We cannot say that defense counsel's performance was unreasonable. As the court below held,
 
 
 14
 [I]n making decisions regarding the propriety of having Petitioner testify at a trial and at a presentence evidentiary hearing, defense counsel had to evaluate two very distinct sets of circumstances. In deciding that Petitioner should not testify at trial, defense counsel had to take into account the considerable wealth of government evidence.... In deciding to permit Petitioner to testify at his presentence evidentiary hearing, however, defense counsel was required to view the government's evidence in a much different light. Although the government possessed an abundance of evidence linking Petitioner with the drug transaction generally, the government's evidence concerning the specific amount involved in the transaction was less persuasive. See United States v. Marino, 936 F.2d at 28[-29]. Given the strength of the government's evidence connecting Petitioner with some sort of marijuana purchase and the ambiguities in the government's evidence concerning the amount of marijuana, it cannot be said that defense counsel's advice concerning either matter fell below an objective standard of reasonableness.
 
 
 15
 Marino v. United States, No. 92-0503B, Mem. and Order at 4 (D. R.I. February 23, 1993). Petitioner erroneously assumes that giving different advice with respect to an issue at different stages of a prosecution is per se unreasonable. The district court acted within its discretion in denying petitioner's motion without benefit of an evidentiary hearing. Nothing would have been added to the court's understanding of the issue by holding a hearing, especially when the same court that denied the § 2255 motion heard the relevant evidence at sentencing.
 
 
 16
 Even were we to accept petitioner's contention that counsel's advice was unreasonable, we fail to see how he was prejudiced by that advice. Petitioner claims that "[p]rejudice in the case at bar is readily identified in mathematical terms. The Guideline Range would have been 51-63 months had the defendant been given consistent advice about not giving a statement to the Probation Department and not taking the witness stand at the Fatico hearing." We disagree. Petitioner had much to gain by testifying. Had the court believed him, the sentencing guideline range for the base offense level would have dropped from 63-78 months to 2-8 months. As the court below held, "[g]iven the tremendous reduction in sentence Petitioner stood to gain by successfully challenging the amount of marijuana, the court cannot say that 'but for' defense counsel's lack of advice Petitioner would have decided not to testify at the presentence evidentiary hearing." Marino v. United States, No. 92-0503B, Mem. and Order at 6.
 
 
 17
 In sum, petitioner's allegations, to the extent they are factual, "would not entitle petitioner to relief" under section 2255, Rodriguez-Rodriguez, 929 F.2d at 749; and, to the extent they are conclusory, need not be credited. See id. at 740-50. Hence, an evidentiary hearing was not required.
 
 II
 Amendment of the Indictment
 
 18
 Count III of Marino's original indictment stated:
 
 The Grand Jury further charges:
 
 19
 That on or about December 19, 1989, in the District of Rhode Island and elsewhere, defendant NICHOLAS R. MARINO did attempt to possess with the intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schudule [sic] I Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii).
 
 
 20
 All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.
 
 
 21
 As part of his plea agreement with the government, the words "100 kilograms or more of" were deleted from the indictment, by order of the court, prior to his entry of a plea of guilty to Count III. The petitioner, the government and the court all agreed that the amount of marijuana which Marino had attempted to purchase was not an element of the crime with which he had been charged, but rather that it was a sentencing issue to be determined by the court in a presentence evidentiary hearing prior to sentencing. See United States v. Barnes, 890 F.2d 545, 551 n.6 (1st Cir. 1989), cert. denied, 494 U.S. 1019 (1990).
 
 
 22
 After the modification, Count III of the indictment stated that Marino "did attempt to possess with the intent to distribute a mixture or substance containing a detectable amount of marihuana, a Schudule [sic] I Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii)." It is unclear why the reference to a violation of § 841(b)(1)(B)(vii) was not also deleted. That provision provides for a mandatory five-year minimum sentence for violations of § 841(a) involving "100 kilos or more of a mixture or substance containing a detectable amount of marijuana." 21 U.S.C. § 841(b)(1)(B)(vii).
 
 
 23
 Although a hypertechnical reading of the amended indictment could therefore lead to the conclusion that Marino did, despite his best efforts, plead guilty to attempting to possess more than one hundred kilos of marijuana, we decline to so read the record. It is clear from the transcript of the plea hearing that Marino did not intend to plead guilty to an attempt to possess with intent to distribute more than one pound of marijuana. It is likewise clear that the government was amenable to his plea of guilty to an undetermined quantity of marijuana, and that the issue of quantity would be determined by the court at a presentencing hearing. In the course of the plea colloquy, the court determined that Marino understood: (1) the maximum penalty for the crime with which he was charged; (2) that the penalty would depend upon the amount of marijuana that he had sought to purchase; and, (3) that the court would determine that amount.
 
 
 24
 Marino now claims that the court order deleting the phrase "100 kilograms or more of" from Count III of the indictment was an improper amendment of the indictment, and that, as a result, the court was divested of jurisdiction in the case. Marino concedes that the quantity of drugs involved is not an element of an offense charged under 21 U.S.C. § 841(a). He claims, however, that the quantity did not constitute mere surplusage in the indictment because it "notifies the accused of the exact nature of the charge," and because "it alerts the defendant to the applicability of the penalty enhancement provision."
 
 
 25
 Petitioner's claims are without merit. As this court recapitulated in United States v. Angiulo,
 
 
 26
 "An indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form," but withdrawal of a portion of the indictment that the evidence does not support is not an impermissible amendment, "provided nothing is thereby added to the indictment, and that the remaining allegations charge an offense."
 
 
 27
 847 F.2d 956, 964 (1st Cir.) (quoting United States v. Winter, 663 F.2d 1120, 1139-40 (1st Cir. 1981)), cert. denied, 488 U.S. 928 (1988). In this case, nothing was added to the indictment by the removal of the reference to "100 kilos or more of" marijuana, and the remaining allegations charged an offense. Indeed, they charged the offense with which Marino had originally been charged: possession with intent to distribute marijuana. Section 841(a) criminalizes the possession with the intent to distribute any quantity of marijuana. The quantity of drugs involved is not an element of the crime; rather it is an issue to be determined by the judge at the time of sentencing. See Barnes, 890 F.2d at 551 n.6.
 
 
 28
 Marino's contention that vital information was deleted from the indictment is rebutted by the fact that Count III of the indictment, as amended, retained a reference to 21 U.S.C. § 841(b)(1)(B)(vii), thereby putting Marino on notice as to the potential applicability of the enhanced penalty provision. Furthermore, the fact that the government had included the "100 kilograms or more" language in the original indictment, along with the plea colloquy, made it clear to defendant that the government would contest Marino's "one pound" story at the time of sentencing. It cannot be said that the amendment to the indictment resulted in unfair prejudice or surprise to Marino. He requested the amendment, and demonstrated an understanding of the implications that amendment would have for the sentencing process. The amendment to the indictment was proper and did not divest the district court of jurisdiction.
 
 III
 Conclusion
 
 29
 Finding no error in the judgment of the district court, the judgment is therefore summarily affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 In a letter to petitioner, counsel stated:
 It is obvious to me that you will not be able to testify. In the event you wish to do so, however, that option is yours. It is my strong feeling that in the event you do testify, you would hurt yourself more than help, and that the government could, quite easily, prove the allegations necessary to convict you in Count No. III, based on your own prior statement and the testimony of the other defendants.