Rafael **SEGUI–RODRIGUEZ,**
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

**No. CIV. 04–1943(HL).**

United States District Court,
D. Puerto Rico.

March 7, 2006.

Rafael Segui–Rodríguez, Brooklyn, NY, Pro se.

Nelson Pérez–Sosa, AUSA, Torre Chardon San Juan, PR, for Respondent.

**ORDER**

LAFFITTE, District Judge.

Before the Court is Magistrate Judge Camille L. Velez–Rive's Report and Rec-

ommendation. (Docket No. 10). In her Report and Recommendation, Magistrate Velez–Rive recommends that Petitioner's motion under 28 U.S.C. § 2255 (see Docket No. 1) be denied. Petitioner filed an opposition to said report. (Docket No. 11).

A district court, may on its own initiative, refer a pending 28 U.S.C. § 2255 petition to a United States magistrate judge for a report and recommendation. Fed.R.Civ.P. 72(b); D.P.R. Local Rule 72. Under Rule 72(b) of the Federal Rules of Civil Procedure, the Court is obligated to make a "de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Fed.R.Civ.P. 72(b). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

In accordance with the mandate set forth in 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation, the Petitioner's objections to said report, and the record as a whole. Based upon this de novo review, the Court concludes that the magistrate judge's Report and Recommendation should be **approved** and **adopted** in its entirety. Accordingly, Petitioner's motion made pursuant 28 U.S.C. § 2255 is **denied**.

Judgment dismissing this case shall be entered accordingly.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

## INTRODUCTION

On September 10, 2004, petitioner Rafael Seguí Rodríguez filed a motion and affidavit in support of his 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence after a jury trial on a two counts Superseding Indictment. Count One charged a conspiracy to violate 21 U.S.C. § 841(a)(1), that is a violation of § 846, and Count Two charged petitioner with aiding and abetting with other co-defendants in the possession of eighty one (81) kilograms of cocaine. (Civil 04–1943, Docket No. 1; Criminal No. 95–405, Docket No. 417).

On March 1, 2005, the government filed a response to the § 2255 petition. (Docket No. 6). On November 4, 2005, the § 2255 petition was referred to this United States Magistrate Judge for report and recommendation. (Docket No. 8).

Petitioner submits in his § 2255 petition first, that former trial counsel failed to present into the record a DEA 6 report that would have established the government knew about his location by December 19, 1995, while incarcerated at Downstate Correctional Facility, New York.

Secondly, petitioner includes related arguments that the five year delay between the indictment and his trial violated his constitutional rights. Petitioner submits that the government knew he was incarcerated in 1995 at Downstate Correctional Facility and had a DEA 6 report that could prove this. Notwithstanding, the government failed to extract him from state detention and cause a delay in facing federal charges for over five years, which should have warranted a dismissal of the charges.

## LEGAL ANALYSIS

### I. Issues Raised on Direct Appeal.

The Court of Appeals [1] previously ruled on defendant's direct appeal to his conviction that:

---

1. *United States v. Casas,* 356 F.3d 104 (1st Cir.2004).

a) the delay of over five years from indictment to trial did not violate speedy trial rights where the government did not know defendant's location during that period and no prejudice had been shown;

b) no court error was shown by defendant in concluding the government did not intentionally delay his charge and genuinely the government did not know where he was;

c) the defendant did not show any lack of diligence on the part of government in attempting to locate him.

■ Petitioner has raised anew the aforementioned claims in his § 2255 petition. Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion. *See United States v. Escobar–de Jesus*, 187 F.3d 148, 159–162 (1st Cir.1999). In a collateral attack petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994).

Therefore, the averments raised in this § 2255 petition, that were already amply discussed on direct appeal as to delay in the indictment and trial, are foreclosed on collateral review.

## II.  Ineffective Assistance of Counsel.

■ Petitioner herein also avers he is entitled to post-conviction relief because of ineffective assistance of counsel. Petitioner submits that his attorney failed to present a DEA 6 report which would have shown the government knew about his location by December 19, 1995, while incarcerated at Downstate Correctional Facili-

ty, New York. This is the same arguments discussed above as to the delay, except its disclosure or lack thereof is attributed to counsel's fault. Even if taken as true, the error would have been considered harmless since the Court of Appeals also ruled petitioner did not show that any prejudice resulted and he suffered no injury by the five (5) year delay to prosecute. Trial counsel underwent trial in this case and was found by the Court of Appeals not having incurred in any substantial error that could have resulted in unfair prejudice.

At the time of sentence, petitioner was represented by different counsel and was able to present to the sentencing court the arguments on speedy trial violations, and the DEA 6 form that could prove it, requesting for dismissal of the indictment and other components as to delay for the execution of his arrest warrant.

On direct appeal, petitioner now represented by separate appeal counsel, likewise presented the issues of delay of prosecution that was amply discussed in the Court of Appeals for the First Circuit's opinion affirming his conviction.

Furthermore, petitioner has made no claim of legal or factual innocence. Besides being convicted by a jury after numerous days of trial, the evidence of guilt discussed was significant. *United States v. Casas*, 356 F.3d at 121–126. In addition to evidence tying petitioner to the drugs seized at the Puerto Rico airport, some eighty one (81) kilos of cocaine (Count Two of the Indictment), there was testimony about him transporting and providing armed guard for drug shipments to one Carlos Pérez–Delgado's house and to Israel Pérez–Delgado's apartment in New York. There was specific testimony about petitioner packing drugs, transporting mules to the airport and attending meetings for drug shipments related to Count

One of the Indictment, the conspiracy charge.

A claim of ineffective assistance of counsel should first address whether petitioner complies with the requisites in *Strickland v. Washington* [2]. The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. *See also Lopez–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." *United States v. Natanel,* 938 F.2d 302, 309 (1st Cir.1991). The "range of reasonable professional assistance" is quite wide. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

Under *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052 counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and he has failed to do so in this petition by merely claiming counsel failed to produce discovery of the DEA 6 form.

Accordingly, petitioner's claims of ineffective assistance of counsel are without merit.

## III. Evidentiary Hearing.

Petitioner has requested an evidentiary hearing be held on his post-conviction petition. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. § 2255.

■ Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir.1990) (*quoting Myatt v. United States,* 875 F.2d 8, 11 (1st Cir.1989)). *See United States v. Rodriguez–Rodriguez,* 929 F.2d 747, 749–50 (1st Cir.1991); *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993).

As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, it is recommended that petitioner's § 2255 motion for post-conviction relief be DENIED in its entirety.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United*

---

**2.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984).

*States v. ValenciaCopete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").